Rapallo, J.
In the form in which this case is presented, the entire will of Alexander G. Cadier is not before us for construction.
The only appellant is Francis Kiah, the plaintiff, and his appeal brings up for review a part only of the questions which arise upon the will. It extends only to those portions of the judgment of the Supreme Court which are specified in his exceptions.
The main point involved in this appeal lies between the plaintiff and the defendant Rosa Grenier. By the terms of the will, a remainder in fee in all the property real and per *224 sonal of the testator is limited to her, upon the death of the testator’s natural son Louis G-. Cadier, “ in case he shall leave no heirs or widow.” The Supreme Court held, that from the context the term “ heirs,” as here used, should be construed to mean heirs of his body, and that consequently if Louis should die without leaving any widow or heirs of his body, Rosa Grenier would take, but that otherwise, the property would descend to the heirs at law of the testator, of whom the plaintiff, his brother, is one. The effort on the part of the plaintiff is to obtain such a construction of the will, as will either render it wholly void or will defeat the remainder to Rosa Grenier in case Louis G. Cadier shall leave any heirs at law him surviving. If he should die without lineal descendants, his mother Mrs. Jerby, or in case she should then he dead, her children or their descendants, or in default of these the collateral relations of Mrs. Jerby would be capable of inheriting from him as if he had been legitimate. (1 R. S., 753, § 14.) Consequently, the prospect of Louis G. dying without heirs is much more remote than that of his dying without heirs of his body. The court below held, that the limitation over to the heirs of Louis G. Cadier was void, and that consequently, unless the contingency should occur, _upon which Rosa Grenier is entitled to take, upon the decease of Louis, the heirs at law of the testator will succeed, and be preferred to the children of Louis should he leave any. As no appeal is taken by any party from that portion of the judgment, it must, for present purposes, be treated as acquiesced in by the parties to this action. If Louis G. Cadier should leave descendants, they would still .have the right to litigate the question, and we therefore express no opinion upon it. The limitation over to Rosa Grenier, in case of the death of the widow and heirs of Louis, was also held void, and from this part of the judgment no appeal is taken. But these clauses, though declared invalid in law, may be considered for the purpose of ascertaining the meaning of the testator in the use of the term “ heirs,” and the language of the will, iúclnding these clauses, does, we *225 think, justify the conclusion that, by the term “ heirs,” in the connection in. which it is .used, the testator meant the lineal descendants of his natural son, and not his heirs at law generally. He declares that the property shall go> to the heir or heirs of Louis “ when they shall become of age,” and that in case he- shall die “ leaving, no- heirs or widow,” that it shall go to Eosa Grenier. That in case he leaves a “ widow, heir or heirs,” they shall take for life, and that after the decease or marriage of the widow, and after the decease of the “ heirs ” of Louis, the property shall belong absolutely to Eosa Grenier. This language and these limitations are very inappropriate and extraordinary, if by the term “ heirs,” collateral as well as lineal heirs were intended, though they might be sensible if used to designate the children of Louis G.
We therefore think that the General Term was correct in its construction of the term “heirs.”
The other branches of the appeal present no serious questions. There was clearly a valid trust for the benefit of Louis during his life. The property was directed to be “ used ” as well as held by the trustees for his support, education and benefit during his life. This created an active trust. There can be no valid objection to the limitation over to Eosa Grenier in the case of the death of Louis without leaving any widow or issue. This provision cannot be affected by the other limitations which, if valid, could only become operative in ease Louis should leave a widow or issue.
The judgment should be affirmed, with costs to be paid by the appellant.
All concur.
Judgment affirmed.